UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   08-60092-CR-ZLOCH

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DAHOMEY TALAVERA,

       Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon Plaintiff United States of America's Agreed Motion For Entry Of A Preliminary Order Of Forfeiture (DE 152). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Defendant Dahomey Talavera pled guilty to Count One of the Indictment filed herein and was sentenced to twenty-seven months imprisonment. She also agreed to entry of this Order of forfeiture for ill-gotten gains she received from her criminal actions. Being fully advised in the premises, the Court hereby finds as follows with respect to forfeiture in this action as to Defendant Dahomey Talavera (hereinafter "Defendant"):

1. On July 22, 2008, a federal grand jury returned a Superseding Indictment charging Defendant with conspiracy to commit mail and wire fraud, relevant herein, in violations of Title 18, United States Code, Sections 1343,1341, 1349, 1956(h).

2. The Indictment sought the forfeiture of property, real or personal property, derived by Defendant, directly and indirectly, from

the violations charged pursuant to Title 18, United States Code Sections 982(a)(2) and 982(a)(1) and Title 21, United States Code, Section 853.

3.  On June 19, 2008, Defendant entered a plea of guilty to Count 1 of the Indictment, in violation of Title 18, United States Code, Sections 1341, 1343 and 1349, which conviction mandates under Title 18, United States Code, Section 982(a)(2), the forfeiture of property (real or personal) that is derived, directly or indirectly, from proceeds traceable to the commission of such offenses.  The Defendant pled guilty to Count One and signed a plea agreement [DE 74] in which she forfeited all her right, title and interest in the following property:

> (a). A joint and several, money judgment of $200,995.00 in United States currency, representing the amount of proceeds obtained by the Defendants, directly or indirectly, from the commission of the mail and wire fraud in Counts 1;
> (b). Funds in Wachovia Checking Account # 2000035764283 up to $105,958.77, at Wachovia Bank, Miami, Florida;
> (c). Funds in Bank of America Checking account # 005568353294 up to $42,502.76, at Bank of America, Miami, Florida; and

Therefore, in consideration of Defendant's guilty plea to Count One of the indictment and to her agreement to the above forfeiture, upon motion of the United States and for good cause shown thereby, it is hereby

**ORDERED and ADJUDGED** that Plaintiff United States of America's Agreed Motion For Entry Of A Preliminary Order Of Forfeiture (DE 152) be and the same is hereby **GRANTED** as follows:

1.  The following properties seized from Defendant is forfeited

to the United States pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b)(2).

    (a). A joint and several, money judgment of $200,995.00 in United States currency, representing the amount of proceeds obtained by the Defendants, directly or indirectly, from the commission of the mail and wire fraud in Counts 1;
    (b). Funds in Wachovia Checking Account # 2000035764283 up to $105,958.77, at Wachovia Bank, Miami, Florida;
    (c). Funds in Bank of America Checking account # 005568353294 up to $42,502.76, at Bank of America, Miami, Florida; and

2.  The United States Internal Revenue Service or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to Title 21, United States Code, Section 853.

3.  The United States shall publish notice of this Order at www.forfeiture.gov as required by 21 U.S.C. § 853(n). The notice shall state that any person, other than the Defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4.  The United States may provide, to the extent practicable,

direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

**IT IS FURTHER ORDERED AND ADJUDGED** that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to Title 21, United States Code, Section 853(n)(7), United States Internal Revenue Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___15th___ day of September, 2008.

_____
HONORABLE WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

Copies Furnished:

All Counsel of Record

AUSA Roger W. Powell (2 Certified Copies)